UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TRUECAR, INC., SHAREHOLDER
DERIVATIVE LITIGATION     MDL No. 2900

### ORDER DENYING TRANSFER

**Before the Panel:** The TrueCar defendants[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of Delaware. This litigation consists of two actions pending in the Central District of California and the District of Delaware, as listed on Schedule A. Defendant United Services Automobile Association joins the motion. The District of Delaware plaintiff supports centralization in the District of Delaware or, alternatively, the Central District of California. The Central District of California plaintiff opposes centralization or, alternatively, suggests centralization in the Central District of California.

On the basis of the papers filed and the hearing held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions share factual issues arising from plaintiffs' allegations that the defendants breached their fiduciary duties (or aided and abetted such breaches) to TrueCar by causing the company to issue false and misleading statements in 2017. Plaintiffs allege that defendants illegally profited from their statements through millions in insider trades. But there are only two actions pending in two districts. The TrueCar defendants are represented by the same counsel in both actions. In these circumstances, informal coordination seems practicable. Moreover, we are not inclined to centralize just two cases when the parties have made no genuine efforts to cooperate informally. It appears that movants have not explored this option as an alternative to Section 1407 centralization, or indeed any option aside from asking the Central District of California plaintiff to move his action to the District of Delaware. The Panel has held that "centralization under Section 1407 should be the last solution after considered review of *all* other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) (emphasis added). Given the limited number of parties, counsel, and courts, informal cooperation should be sufficient to avoid duplicative pretrial activity (*e.g.*, filing notices of depositions in all actions, and agreeing that discovery obtained in one action will be usable in all actions).

At oral argument, movants represented that several other cases were likely to be filed. The Panel is presented with just two cases, and we are reluctant to grant centralization based on the mere possibility of future actions. *See In re: Intuitive Surgical, Inc., Da Vinci Robotic Surgical Sys.*

---

[1]     Victor ("Chip") Perry, Michael Guthrie, John Pierantoni, Abhishek Agrawal, Robert Buce, Christopher Claus, Steven Dietz, John Krafcik, Erin Lantz, Wesley Nichols, Ion Yadigaroglu, and John Mendel, and nominal defendant, TrueCar, Inc. (TrueCar).

-2-

*Prods. Liab. Litig.*, 883 F. Supp. 2d 1339, 1340 (J.P.M.L. 2012) ("While proponents maintain that this litigation may encompass 'hundreds' of cases or 'over a thousand' cases, we are presented with, at most, five actions.").

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: TRUECAR, INC., SHAREHOLDER
DERIVATIVE LITIGATION**                                     MDL No. 2900

## SCHEDULE A

<u>Central District of California</u>

DRULIAS v. GUTHRIE, ET AL., C.A. No. 2:19-01636

<u>District of Delaware</u>

IN RE TRUECAR, INC. SHAREHOLDER DERIVATIVE LITIGATION,
    C.A. No. 1:19-00617